UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD FRANK BURESH,<br><br>    Defendant. | Case No. 21-cv-08138-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

On October 19, 2021, Plaintiff Andres Gomez filed the instant complaint against Defendant Donald Frank Buresh, asserting violations of the Americans with Disabilities Act ("ADA") and Unruh Civil Rights Act ("Unruh"). (Compl., Dkt. No. 1.) Pending before the Court is Defendant's motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 12-1.)

The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b), and VACATES the April 7, 2022 hearing. Having considered the parties' filings and the relevant legal authority, the Court GRANTS Defendant's motion to dismiss.

## I.  BACKGROUND

Plaintiff is a visually-impaired individual who uses screen-reader software ("SRS") to access the internet. (Compl. ¶ 1.) Defendant operates a real estate business in Napa County, California. (Compl. ¶¶ 2-3.) Defendant also operates the "Donald Buresh – Coldwell Banker Brokers of the Valley" website ("Website"). (Compl. ¶ 4.) The Website includes details about listings, location and contact information for Defendant's physical location, real estate policies, deals, and promotions. (Compl. ¶ 15.)

Plaintiff alleges that in March and July 2021, he visited the Website to get information about houses on sale and for rent in Northern California. (Compl. ¶¶ 17, 26.) Plaintiff

1  encountered numerous accessibility design faults that prevented him from navigating the site
2  successfully using SRS.  (Compl. ¶ 18.)  Plaintiff asserts that as a result, he is deterred from
3  returning to the Website.  (Compl. ¶ 24.)
4        On February 2, 2022, Defendant filed the instant motion to dismiss based on lack of
5  standing.  On February 16, 2022, Plaintiff filed his opposition.  (Pl.'s Opp'n, Dkt. No. 15.)  On
6  February 23, 2022, Defendant filed his reply.  (Def.'s Reply, Dkt. No. 17.)

## II.  LEGAL STANDARD

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  A Rule 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction.  A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction.  *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction.  *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  "[I]f the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014).  An exception exists, however, where "a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim."  *Id.* at 1122 n.3.

## III.  DISCUSSION

Defendant moves to dismiss under Rule 12(b)(1) for lack of standing, as Defendant asserts that Plaintiff fails to plead an injury-in-fact under the ADA.  To succeed on an ADA claim, the plaintiff must demonstrate that: "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and

(3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  Standing, in turn, is established "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

"On their own, websites are not places of public accommodation." *Langer v. Pep Boys Manny Moe & Jack of Cal.*, No. 20-cv-06015-DMR, 2021 U.S. Dist. LEXIS 8680, at *15 (N.D. Cal. Jan. 15, 2021).  "Because the ADA only covers 'actual, physical places where goods or services are open to the public, and places where the public gets those goods or services,' there [must] be 'some connection between the good or service complained of and an actual physical place." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000)).  Thus, "[f]or the provisions of the ADA to apply to a website, the Ninth Circuit requires a 'nexus' between the website and a physical location." *Gomez v. Smith*, No. 21-cv-07154-RS, 2022 U.S. Dist. LEXIS 6157, at *3 (N.D. Cal. Jan. 12, 2022) (quoting *Robles*, 913 F.3d at 905.)  Without this nexus "between the website barriers and a physical location," a plaintiff lacks an ADA claim. *Langer*, 2021 U.S. Dist. LEXIS 8680, at *16.[1]

In *Robles*, the Ninth Circuit found that Domino's website and app had the required "nexus" to a physical location because "[t]he alleged inaccessibility of Domino's website and app impedes access to the goods and services of its physical pizza franchises--which are places of public accommodation."  913 F.3d at 905.  For example, "[c]ustomers use the website and app to locate a nearby Domino's restaurant and order pizzas for at-home delivery or in-store pickup." *Id.* Likewise, other courts have found a nexus where the website prevented a plaintiff from locating a physical store or accessing products or services available at a physical store. *E.g.*, *Reed v. CVS Pharm., Inc.*, CV 17-3877-MWF (SKx), 2017 U.S. Dist. LEXIS 168237, at *10 (C.D. Cal. Oct. 3,

---

[1] Plaintiff invites the Court to not follow the Ninth Circuit's nexus test, arguing that there are "more appropriate interpretations that provide for protecting civil rights." (Pl.'s Opp'n at 10.) The Ninth Circuit's rulings, however, are binding on this Court.

2017) (denying motion to dismiss where CVS's website and app included a store locator and service for determining whether an item was in stock at a particular store); *Haggar v. Ashley Furniture Indus.*, No. LA CV 19-01266 PA (Jcx), 2019 U.S. Dist. LEXIS 231237, at *8 (C.D. Cal. Dec. 12, 2019) (finding nexus where the plaintiffs alleged that they tried to use the defendant's website to locate physical stores and order products available at the defendant's physical stores); *Williams v. Amazone.com Inc.*, No. 2:20-cv-513-TLN-JDP PS, 2020 U.S. Dist. LEXIS 185471, at *3-4 (E.D. Cal. Oct. 5, 2020) (denying motion to dismiss where the plaintiff alleged that he had been deterred from visiting a defendant's physical stores because he could not use the defendant's website to obtain store locations or hours of operation).

In contrast, courts have found that there is no cognizable injury where a website's inaccessibility is unrelated to Plaintiff utilizing services or obtaining goods at a physical location. In *Langer*, the plaintiff d[id] not allege that he intended to visit a Pep Boys' location and could not because the website was inaccessible," nor did "he represent that he was trying to use the website to order goods or services from Pep Boys' physical locations." 2021 U.S. Dist. LEXIS 8680, at *17. Rather, the plaintiff alleged that he was unable to watch videos on the defendant's websites, and that these videos "[we]re themselves a service that he was prevented from accessing." *Id.* at *17-18. The district court found this allegation insufficient "absent a nexus to a physical location." *Id.* at *18.

Such is the case here. As in *Langer*, Plaintiff does not assert that he was deterred from accessing the services of Defendant's physical office, such as hiring Defendant to assist in purchasing or renting a place, or even to view a location. Plaintiff also does not allege that he has or ever had any intention of visiting Defendant's physical office. Plaintiff instead alleges that he was deterred from visiting the *website itself*, and was prevented from accessing information about listings on the website. (Compl. ¶¶ 17 ("Plaintiff visited the Website [to] get information about houses on sale and rent in Northern California."), 24 ("Plaintiff has been deterred from returning to the Website as a result of these prior experiences."), 26 ("If the website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the Website and find information on houses on sale."), 27 ("Plaintiff will return to the Website to avail himself of

4

its good and/or services and to determine compliance with the disability access laws once it is represented to him that the Real Estate and Website are accessible"). Because Plaintiff makes no allegations that he seeks to engage the services of or visit Defendant's business -- as opposed to his general interest in looking up information about listings on Defendant's website -- Plaintiff fails to allege standing.

The Court observes that two other judges in this district have recently dismissed Plaintiff's claims based on identical complaints. In *Gomez v. Smith*, Plaintiff likewise visited the website of a real estate agent to obtain information about home listings, and alleged that he was deterred from returning to the website. 2022 U.S. Dist. LEXIS 6157, at *6. The district court found Plaintiff lacked standing because he had not "explained how he was deterred from utilizing services or obtaining goods at physical places of public accommodation." *Id.* While Plaintiff made the conclusory statement that there was a nexus, the failure to describe that nexus warranted dismissal. *Id.* at *7.

Likewise, in *Gomez v. Gates Estates, Inc.*, the district court "expressed doubt that plaintiff had standing to bring this lawsuit on [the sole] basis that he was a 'tester' merely of the website with no intention of using defendant's services." *Gomez v. Gates Estates, Inc.*, No. C 21-7147 WHA, 2022 U.S. Dist. LEXIS 27266, at *4 (N.D. Cal. Feb. 15, 2022). Plaintiff then filed a declaration explaining that he lived in Miami, Florida, but had a "general interest in keeping up with the real estate markets." *Id.* at *5-6. Plaintiff asserted no intention to visit the defendant's physical location, nor to engage the services of the business. *Id.* The district court dismissed the case, explaining:

> under *Robles*, the ADA does not protect his general interest in being able to gather information from defendant's website unrelated to any desire to avail himself of defendant's actual services. Instead, the ADA protects plaintiff's interest in using the website only if its inaccessibility impedes his access to the services of defendant's physical office. Since plaintiff has no intent or desire to use such services, the inaccessibility of the website has not impeded his access to them and, therefore, he has not suffered an injury under the ADA.

*Id.* at *10-11.

Accordingly, the Court finds that Plaintiff has failed to establish standing for his ADA

5

1  claim, warranting its dismissal for lack of subject matter jurisdiction. When all federal claims are
2  dismissed for lack of subject matter jurisdiction, the court must dismiss all supplemental state law
3  claims. *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).
4  Accordingly, the Court dismisses the Unruh claim without prejudice.

### IV.    CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss with leave to amend. The Court, however, cannot find that amendment is futile. Plaintiff could, in theory, allege that he intends to avail himself of Defendant's services, but that the inaccessibility of the website prevents him from accessing the services of Defendant's physical location. Any such allegations, of course, would be subject to the requirements of Federal Rule of Civil Procedure 11, particularly in light of Plaintiff's averments in *Gates Estates*. Accordingly, Plaintiff may file an amended complaint within **21 days** of the date of this order. If no amended complaint or notice of intent not to file an amended complaint is filed by that date, the Court will dismiss the case pursuant to Federal Rule of Civil Procedure 41(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1052, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum--either by amending the complaint or by indicating to the court that it will not do so--is properly met with the sanction of a Rule 41(b) dismissal.").

IT IS SO ORDERED.

Dated: March 23, 2022

KANDIS A. WESTMORE
United States Magistrate Judge